UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY S. AUSTIN,

          Plaintiff,

                                      Case No. 08-CV-13697

vs.

                                      HON. GEORGE CARAM STEEH

DEANNA LYNN AUSTIN, et al.,

          Defendants.
_____/

ORDER GRANTING DEFENDANTS COUNTRYWIDE AND MERS'
MOTION FOR SUMMARY JUDGMENT [DOC. 3], GRANTING DEFENDANT TROTT &
TROTT'S MOTION FOR SUMMARY JUDGMENT [DOC. 5], DENYING DEFENDANT
COX'S MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT [DOC. 6],
GRANTING DEFENDANTS COUNTRYWIDE AND MERS' MOTION FOR SANCTIONS
[DOC. 9]; GRANTING STEINBERG DEFENDANTS' MOTION TO DISMISS [DOC. 11],
GRANTING DEFENDANTS SEC AND MUKASY'S MOTION TO DISMISS [DOC. 15],
DENYING PLAINTIFF'S MOTION TO CONSOLIDATE PENDING CASES [DOC. 21],
GRANTING STEINBERG DEFENDANTS' MOTION FOR SANCTIONS [DOC. 28]
GRANTING DEFENDANT DEANNA LYNN AUSTIN'S MOTION TO DISMISS
WITHOUT PREJUDICE [DOC. 31]; GRANTING DEFENDANTS CHRISTOPHER
COX, CASEY, WALTERS, AGUILAR, AND PAREDES' MOTION TO DISMISS
[DOC. 35]; GRANTING QUICKEN LOANS' MOTION FOR SUMMARY
JUDGMENT [DOC. 48]; DENYING PLAINTIFF'S MOTION TO EXTEND TIME
TO SERVE SAMUEL D. SWEET [DOC. 50]; AND DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS MOOT [DOC. 51]

FACTUAL BACKGROUND

Plaintiff, Bradley Austin, signed a mortgage ("Mortgage") with his then-wife Deanna Austin on February 28, 2003. The Mortgage was recorded in the Oakland County registrar of deeds on or about May 19, 2003. The Mortgage gave Mortgage Electronic Registration Systems, Inc. ("MERS") the right to foreclose on the property located at 18251 Hickory Ridge in Fenton, Michigan ("the Property").

Also on February 28, 2003, Deanna Austin signed a note ("Note") with defendant Quicken Loans Inc. ("Quicken"). Plaintiff is neither a signatory nor a borrower under the Note. The Note was subsequently transferred to defendant Countrywide Home Loans, Inc. ("Countrywide").

Under the Note, Deanna Austin owed a payment on the first of every month, commencing on April 1, 2003. Deanna Austin failed to make her payment on January 1, 2006 and February 1, 2006. On February 16, 2006, Countrywide sent a "Notice of Default and Acceleration" to Deanna Austin stating that she was in default in the amount of $1,975.76 and demanding that she cure by March 18, 2006. Deanna Austin did cure the default with payments made on or about February 27, 2006 and March 2, 2006. However, she failed to make her payments due on March 1, 2006 and April 1, 2006. Again, on April 17, 2006, Countrywide sent another "Notice of Default and Acceleration" to Deanna Austin stating that she was in default and demanding that she cure the default by May 17, 2006. Deanna Austin has not made a payment on the Note since March 2, 2006.

After over a year of non-payment, MERS commenced foreclosure proceedings. A notice of the foreclosure was posted at the Property on April 18, 2007 and a copy of the notice was published in the Oakland County Legal News on April 17, 2007, April 24, 2007, May 1, 2007 and May 8, 2007. The foreclosure sale was held on June 5, 2007 and the Property was purchased by MERS. The redemption amount at the time of the foreclosure sale was $141,406.61. The Foreclosure Documents were recorded in the Oakland County Registrar of Deeds on June 12, 2007. No one redeemed the Property and the redemption period expired on December 5, 2007.

On December 3, 2007, Austin filed a complaint in this Court (the "First Action"). The First Action contained thirteen counts and three unnumbered counts and named as defendants Countrywide, MERS, Quicken, Trott & Trott, individual attorneys at Trott & Trott, the Oakland County Sheriff, the Oakland County Clerk and the Director of the Securities and Exchange Commission. Austin asked this Court to "exercise its jurisdiction over the Note to make various declaratory judgments relating to the Note or the lending industry practice of selling notes similar to the Note . . . " Austin v. Countrywide Home Loans, 2008 U.S. Dist. LEXIS 62141 (E.D. Mich. August 13, 2008). Austin also made RICO allegations against Trott & Trott and a number of its individual attorneys. The Court dismissed the First Action as to all defendants and denied Austin's motion to file an amended complaint. Austin filed a motion for reconsideration, which was denied by the Court.

Meanwhile, on or about December 11, 2007, Countrywide, through its counsel, defendant Trott & Trott, filed a petition to evict the occupants of the Property in 52-2 District Court located in Clarkston, Michigan ("State Court Action"). A hearing was held in front of the Hon. Dana Fortinberry on December 20, 2007 and Countrywide's petition to evict was granted. The day before the hearing, Austin attempted to remove the State Court Action to this Court. This Court remanded the matter to state court on January 4, 2008. On January 24, 2008, Judge Fortinberry upheld her judgment of December 20, 2007 evicting the occupants from the Property.

On August 26, 2008, Austin filed his Complaint for Declaratory Judgment and Injunctive Relief (the "Second Action"). Austin seeks to have himself established as the "REAL" holder in due course of the Note signed by Deanna Austin because the Note is

secured by real property to which he has an interest. Austin again asserts that he is the victim of bank fraud, and attacks various lending industry practices.

Presently before the Court are the following motions: (1) Countrywide and MERS' motion for summary judgment; (2) Trott & Trott's motion for summary judgment; (3) Quicken Loans' motion for summary judgment; (4) Cox's motion for judgment on the pleadings; (5) the Steinberg defendants' motion to dismiss; (6) the SEC and Mukasy's motion to dismiss; (7) Plaintiff's motion to consolidate; (8) Cox, Casey, Walters, Aguilar, and Paredes' motion to dismiss; (9) Plaintiff's motion to extend time to serve Samuel D. Sweet; (10) Defendant Deanna Lynn Austin's motion to dismiss; (11) Plaintiff's motion for partial summary judgment; and (12) Countrywide, MERS and the Steinberg defendants' motion for sanctions.

## STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. To survive a Rule 12(b)(6) motion for dismissal for failure to state a claim, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, - - - U.S. - - -, 127 S.Ct. 1955 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic, 127 S.Ct. at 1964-65. In so holding, the Supreme Court disavowed the traditional Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) which required the appearance, "beyond a doubt,

4

that plaintiff can prove no set of facts in support of claim that would entitle him to relief." Bell Atlantic, 127 S.Ct. at 1969.

ANALYSIS

I.  Countrywide and MERS' Motion for Summary Judgment [Doc. 3], Trott & Trott's Motion for Summary Judgment [Doc. 5] and Quicken Loans' Motion for Summary Judgment [Doc. 48]

Austin's Second Action is barred as this Court has already entered a final judgment on the merits in the First Action. The Second Action involves the same issues and facts as the First Action - the Property is being foreclosed on and Austin will be evicted from the Property because his ex-wife failed to make payments on the Note. "[A] claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action." Washington v. Jackson, 2008 U.S. Dist. LEXIS 29248 (E.D. Mich. Apr. 10, 2008) (citing Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997)).

As to the first element of res judicata, this Court entered a final decision on the merits in Austin v. Countrywide Home Loans, 2008 U.S. Dist. LEXIS 62141 (E.D. Mich. August 13, 2008). "A dismissal for failure to state a claim is a judgment on the merits for res judicata purposes." Guzowski v. Hartman, 969 F.2d 211, 216 (6th Cir. 1992). As to the second element, each action is, in part, between the same litigants.

As to the third element, all the issues in the Second Action were litigated or should have been litigated in the First Action. "Res judicata is not limited to issues that

5

were actually litigated; it also bars issues that should have been litigated." Simpson v. UAW Local 6000, 394 F.Supp.2d 991, 1000 (E.D. Mich. 2005) (citing, Allen v. McCurry, 449 U.S. 90, 94 (1980)). "The key is the harm the plaintiff is seeking to remedy: When two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." Id. (citing Harrington v. Vandalia-Butler Bd. of Education, 649 F.2d 434, 437 (6th Cir. 1981)). Each case seeks the same relief - to reverse Foreclosure on the Property, to judicially grant Austin rights in the Note, and to declare various lending practices to be illegal. As such, the Second Action is barred even if Austin has developed new legal theories to attempt to reverse the foreclosure and stay in the Property without paying.

The final "element is met when a suit and a subsequent suit contain rights of action that are created by the same facts and must be sustained by the same evidence." Sanders Confectionary Products, Inc. v. Heller Financial Services, Inc., 973 F.2d 474, 483-84 (6th Cir. 1992). In this Second Action, the evidence would be the same as for the First Action - the documents relating to the Mortgage, the Note, and the foreclosure on the Property.

All four necessary elements are met and the Second Action is DISMISSED as barred by the doctrine of res judicata.

II. <u>SEC and Mukasy's Motion to Dismiss [Doc. 15] and Cox, Casey, Walter, Aguilar, and Paredes' Motion to Dismiss [Doc. 35]</u>

A. <u>Res Judicata as to Cox and the SEC</u>

The decision of this Court in the First Action operates as a bar to Austin's claims against defendant SEC in the Second Action under the doctrine of res judicata. Notwithstanding the distinctions between Cox, chairperson of the SEC, who Austin named in the First Action, and the SEC itself, which Austin names in the Second Action, these parties are in privy with each other, particularly where the prior complaint raises claims against the chairperson only in his official capacity. Each of the other elements of res judicata have been met, as discussed in more detail in the previous section of this opinion. Austin's Second Action is DISMISSED as to defendants Christopher Cox and the SEC.

B. <u>Failure to State a Claim as to Attorney General Mukasy and the Named SEC Commissioners</u>

Defendants Mukasy, Casey, Walter, Aguilar, and Paredes appear in Austin's complaint only one time - in the case caption as a defendant. Austin does not identify a basis for a claim against them anywhere else in his complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a short and plain statement showing that the pleader is entitled to relief. Austin has failed to comply with the pleading requirements. As such, the Second Action is DISMISSED for failure to state a claim as to defendants Mukasy, Casey, Walter, Aguilar, and Paredes.

III. <u>Defendant Mike Cox's Motion for Judgment on the Pleadings [Doc. 6]</u>

Defendant Mike Cox has brought his own motion for judgment on the pleadings, on the basis of the myriad of arguments contained throughout the docket in this case. Cox argues for dismissal for the additional reasons that plaintiff failed to comply with Fed. R. Civ. P. 8, and because Cox enjoys sovereign and qualified immunity from the allegations of this lawsuit. Because the Court has already dismissed the case against Cox under the doctrine of res judicata, it will not address the merits of these additional arguments.

IV. <u>Defendants Clark, Siwak, and Steinberg, Shapiro & Clark's Motion to Dismiss [Doc. 11]</u>

Defendant Steinberg, Shapiro & Clark is a law firm that employed Tracy Clark and Gregory Siwak at the time of the incidents alleged in the complaint. These defendants are referred to collectively as the "Steinberg defendants." The Steinberg defendants served as counsel for the bankruptcy trustee in the bankruptcy proceedings filed by plaintiff's former spouse, Deanna Lynn Austin. Plaintiff asserts that the Steinberg defendants violated the Fair Debt Collection Practices Act, violated RICO based on purported bankruptcy fraud, and are liable for the current mortgage crisis facing the country.

The Steinberg defendants were at all relevant times acting as counsel for the bankruptcy trustee. As such, plaintiff was required to first seek leave from the bankruptcy court that appointed the trustee before instituting this suit against the Steinberg defendants. <u>In re Delorean Motor Co.</u>, 991 F.2d 1236, 1240 (6th Cir. 1993) (applying <u>Barton</u> doctrine, first established by United States Supreme Court in <u>Barton v.</u>

Barbour, 104 U.S. 126 (1881)).  When leave to file suit is not first obtained from the bankruptcy court, the other forum lacks subject matter jurisdiction.  In re Crown Vantage Inc., 421 F.3d 963, 971 (9th Cir. 2005).  "The justification behind the rule is that the appointing court has a strong interest in protecting the trustee from unjustified personal liability for acts taken within the scope of his official duties."  In re Triple S Rests., Inc., 342 B.R. 508, 511-12 (Bankr. W.D. Ky. 2006).  The Sixth Circuit has held that the leave requirement set forth in Barton applies to actions filed against the trustee's attorney, as well as to actions filed against the trustee.  In re Delorean Motor Co., 991 F.2d at 1240.

Pursuant to the Barton doctrine, the Court lacks subject matter jurisdiction over this case and dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is warranted.  Apparently plaintiff, in response to this very argument, has filed a motion to reopen his former wife's bankruptcy estate.  The Court has additional reasons for granting the Steinberg defendants' motion to dismiss, including on the basis of quasi-judicial immunity.

Bankruptcy Trustees are entitled to quasi-judicial immunity for their actions made in accordance with the orders of the bankruptcy court.  As the In re DeLorean Motor Co. panel explained, counsel for bankruptcy trustees are the functional equivalent of the Trustee where they act at the direction of the Trustee and for the purpose of administering the estate or protecting the assets.  991 F.2d at 1240.

In this case, plaintiff alleges the Steinberg defendants filed an adversary proceeding against him, and set the foreclosure into motion.  These are actions that would entitled the bankruptcy trustee to quasi-judicial immunity, Walton v. Watts, 185 B.R. 963 (Bankr. N.D. Ga. 1995), In re Heinsohn, 231 B.R. 48 (Bankr. E.D. Tenn. 1999).  The Steinberg defendants, acting on behalf of the Trustee, were acting pursuant to the

9

trustee's duties under the bankruptcy code and pursuant to orders entered by the bankruptcy court when they filed the adversary proceedings against plaintiff and took steps to attempt to sell the subject property. Therefore, the Steinberg defendants' actions were protected by quasi-judicial immunity, and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate.

For the foregoing reasons the Steinberg defendants' motion to dismiss is GRANTED.

V. <u>Plaintiff's Motion to Consolidate Pending Cases [Doc. 21]</u>

Plaintiff seeks to have the Court order consolidation of four cases at one time pending before this Court. Case 07-50356 was initiated by Mr. Austin's filing of a notice of refusal to comply with an alleged settlement offer he made to Countrywide. There was never a complaint filed in this matter. Case 07-15127 was closed on November 18, 2008 after all of the defendants had been dismissed. Case 08-13697 is the case which is the subject of this very order. Case 08-13783 is a state court eviction action which Mr. Austin unsuccessfully attempted to remove to federal court. The Court has resolved three of the cases already, and is in the process of resolving the motions pending in the final case. The Court does not see any reason to consolidate the cases, and therefore DENIES Mr. Austin's motion to consolidate.

VI. <u>Plaintiff's Motion to Extend Time to Serve Samuel D. Sweet [Doc. 50]</u>

Plaintiff sought, but failed to receive, a waiver of process from Samuel Sweet, trustee in Deanna Lynn Austin's Chapter 7 bankruptcy. Plaintiff then sent a copy of the summons to Mr. Sweet by certified mail, but it was refused and returned. Plaintiff seeks permission from the Court to extend the time for service on Mr. Sweet, and for

substituted service, or to deem that service has already been effected for purposes of pursuing default under Fed. R. Civ. P. 55.

Plaintiff's complaint alleges that Mr. Sweet set up a non-judicial foreclosure after the termination of Deanna Austin's bankruptcy, in violation of the Fair Debt Collection Practices Act and RICO, based on purported bankruptcy fraud.

Mr. Sweet is named in his official capacity as bankruptcy trustee, and as such, leave from the bankruptcy court that appointed him must be obtained by Mr. Austin before he can be sued. Barton v. Barbour, 104 U.S. 126 (1881). Since filing this action, Mr. Austin has returned to the bankruptcy court to seek permission to sue the bankruptcy trustee and counsel for the bankruptcy trustee, but as of this date permission has not been granted.

In addition, it is well-settled that bankruptcy trustees are entitled to quasi-judicial immunity for their actions made in accordance with the orders of the bankruptcy court. See Boullion v. McClanahan, 639 F.2d 213, 214 (5th Cir. 1981). The allegations made against Mr. Sweet involve the execution of his duties as bankruptcy trustee, and as such, Mr. Sweet is protected by quasi-judicial immunity.

The Court finds that granting plaintiff permission to pursue Samuel Sweet would be futile in this case. Therefore, the Court hereby DENIES plaintiff's motion to extend the time to serve and for substituted service, or to deem service already effectuated on Samuel Sweet.

VII.   Defendant Deanna Lynn Austin's Motion to Dismiss [Doc. 31]

Defendant Deanna Austin filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff's claim against Ms. Austin is that she lied on

her financial affidavit, and thus committed fraud which could be a basis for reforming the Promissory Note to give plaintiff a stake in the Note which he did not sign.

Plaintiff and Ms. Austin are both citizens of Michigan, and reformation is a state law cause of action. This Court has discretion whether to exercise supplemental jurisdiction over state law claims when the federal claims have been dismissed. 28 U.S.C. § 1367(c). The Court declines to exercise supplemental jurisdiction in this case, and hereby dismisses the claim against defendant Deanna Austin without prejudice.

VIII.   Plaintiff's Motion for Partial Summary Judgment [Doc. 51]

Plaintiff filed a motion for partial summary judgment as to defendant Quicken Loans, which this Court ordered held in abeyance pending decision on the multitude of dispositive motions filed by defendants. Now that the pending motions have been resolved in defendants' favor, plaintiff's motion for partial summary judgment is rendered MOOT.

IX.   Defendants Countrywide Home Loans' and MERS' and the Steinberg Defendants' Motion for Sanctions under Fed. R. Civ. P. 11 [Docs. 9 and 28]

Countrywide, MERS and the Steinberg Defendants seek an order of sanctions against plaintiff due to the harassing nature of plaintiff's repetitive lawsuits. The present lawsuit is one of four filed in this Court, and among numerous other related lawsuits filed in the Michigan State Courts. This Court agrees with the arguments made by these defendants and orders the following as sanctions under Fed. R. Civ. P. 11:

Plaintiff shall pay to each of the moving defendants, Countrywide, MERS and the Steinberg Defendants, the sum of $100.00, on or before March 20, 2009; and

Before plaintiff may initiate any new lawsuit in this court against any of the named defendants in this case, he must file proof that the sanctions ordered above have been paid and filed a $5,000 bond to insure that any sanctions or money judgments entered against plaintiff will be paid.

X.	Conclusion

For the reasons stated in this opinion, the Court hereby ORDERS as follows:

Defendants Countrywide and MERS' motion for summary judgment is GRANTED;

Defendant Trott & Trott's motion for summary judgment is GRANTED;

Defendant Quicken Loans' motion for summary judgment is GRANTED;

Defendant Cox's motion for judgment on the pleadings is DENIED as moot;

The Steinberg Defendants' motion to dismiss is GRANTED;

Defendants SEC and Mukasy's motion to dismiss is GRANTED;

Defendants Cox, Casey, Walters, Aguilar, and Paredes' motion to dismiss is GRANTED;

Plaintiff Austin's motion to consolidate is DENIED;

Plaintiff's motion to extend time to serve Samuel D. Sweet is DENIED;

Defendant Deanna Lynn Austin's motion to dismiss is GRANTED, and the claims against Ms. Austin are DISMISSED without prejudice;

Plaintiff's motion for partial summary judgment is DENIED as moot; and

Defendants Countrywide, MERS and the Steinberg defendants' motion for sanctions is GRANTED, as outlined in Section IX above.

There are three defendants remaining in this action, Michael Bouchard, Ruth Johnson, and the County of Oakland. These defendants filed their answer to the complaint on January 13, 2009.

It is so ordered.

Dated: February 26, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 26, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---