UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY S. AUSTIN,

        Plaintiff,

                              Case No. 08-13697

vs.

                              HON. GEORGE CARAM STEEH

DEANNA LYNN AUSTIN, et al.,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO RECUSE [DOC. 60]

This matter has come before the court on plaintiff Bradley Austin's motion to recuse pursuant to 28 U.S.C. §§ 144 and 455(a). In his motion, Austin accuses this court of being "pervasively biased" against the plaintiff, both as a pro se litigant and as a person subject to loan foreclosure.

28 U.S.C. § 144 governs recusal on the basis of bias or prejudice of a judge:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit if any case. It shall be accompanied by a certificate of counsel of record stating that it is make in good faith.

Mr. Austin submitted his affidavit in support of recusal on March 19, 2009. The affidavit consists of eleven questions for this Judge to answer. The answers to the questions

are apparently supposed to fulfill Austin's obligation to state the facts and reasons for his belief that bias or prejudice exists. Following each question is a statement that if the Judge refuses to answer the question, a reasonable person can only conclude that he is either biased or has a conflict of interest. The Court finds that Austin's affidavit is not sufficient for purposes of satisfying the requirements of 28 U.S.C. 144, and therefore does not meet the substantial burden placed on the party seeking disqualification. United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006).

Mr. Austin's second basis for recusal is that a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality. 28 U.S.C. § 455(a). This statute does not require an affidavit or certification of counsel. The district court may make the necessary factual findings and decide whether the facts warrant disqualification. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). Section 455 is designed "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Union Planters Bank. v. L&J Dev. Co., Inc., 115 F.3d 378, 383 (6th Cir. 1997) (citations omitted). Because the standard is objective, the judge need not recuse himself based on the subjective view of a party. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990).

Plaintiff argues that this Court's prejudice is shown by its comments that plaintiff is seeking to avoid a legitimate debt. Specifically, plaintiff argues that the Court incorrectly ruled that "Plaintiff is neither a signatory nor a borrower under the note." This factual ruling is based on the documents and does not provide objective evidence of bias on the part of the Court. To the extent that plaintiff disagrees, he can appeal the finding at the conclusion of the case.

Plaintiff also alleges that the Court has a long history of ruling against pro se litigants. In support of this allegation, plaintiff submits a declaration from Scott Andrew Witzke, who allegedly previously appeared before this Court as a pro se litigation, and who opines that this judge fails to give pro se litigants a fair opportunity to present their cases. Plaintiff also submits a Lexis-Nexis search to support his claim that no pro se litigant has ever won a case in this Court, nor have any consumer plaintiffs reached a jury verdict against a mortgage company. Because each case is handled based on its unique facts, the Court cannot generalize about the outcome of cases brought by any subset of litigants. In addition, the Court receives many positive comments from litigants, even those not represented by counsel, which would counter the declaration of Mr. Witzke.

There is simply no evidence upon which the impartiality of this judge could be questioned by a reasonable, objective person knowing all of the circumstances. "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972).

IT IS HEREBY ORDERED that plaintiff's motion to recuse is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's responsive brief to the pending motion for summary judgment [DOC. # 59] shall be filed on or before April 22, 2009.

Dated: April 6, 2009

                                                  S/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 6, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---